UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DARDEN,

     Plaintiff,

vs.

     CASE NO. 08-14409
     HON. LAWRENCE P. ZATKOFF

INSTAMORTGAGE.COM and
PHH MORTGAGE CORPORATION,

     Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION

This matter comes before the Court on Defendants' ex-parte motion for temporary restraining order and preliminary injunction [dkt 27]. The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination with respect to Defendants' request for a temporary restraining order will not be aided by oral argument, and pursuant to E.D. Mich. L.R. 7.1(e), this Court has decided Plaintiff's motion upon the brief submitted, without this Court entertaining oral arguments. With respect to Defendants' motion for a preliminary injunction, the Court ORDERS all parties to appear before this Court on **AUGUST 25, 2009**, at 10:30 a.m. for a hearing.

### II. BACKGROUND

Plaintiff filed his complaint on October 16, 2008, alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and the Truth in Lending Act, 15 U.S.C. § 1601. Plaintiff served the complaint on Defendants by certified mail to the general addresses of each defendant. Having received no answer or response from Defendants, Plaintiff obtained a clerk's entry of default against Defendants on December 2, 2008. On April 24, 2009, the Court entered an

order granting default judgment in Plaintiff's favor against Defendants in the amount of $107,999.25. Plaintiff sought execution of the judgment by filing a garnishment against Defendant PHH Mortgage Corporation. On June 23, 2009, the Court issued a request and writ for garnishment directed to garnishee Safeco Insurance Company, who provides guaranty for PHH's surety bond.

According to Defendants, Plaintiff conducted faulty service of process because the individual who signed the return receipt, Stacie West, was not authorized to accept service. Defendants maintain that the documents for which Ms. West signed were either lost or misplaced. Therefore, Defendants had no notice of Plaintiff's complaint or any subsequent filings until sometime after the Court issued the writ for garnishment. Defendants now seek a temporary restraining order to enjoin Safeco from paying or withholding funds and to restrain Plaintiff from acting on the default judgment in any manner.

### III. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*,

563 F.2d 256, 261 (6th Cir. 1977). The standard for a preliminary injunction is not a rigid and comprehensive test; the four factors are elements to be balanced, not prerequisites that must be satisfied. *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992) ("[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements.").

### IV. ANALYSIS AND FINDINGS OF THE COURT

Defendants believe that they have a substantial likelihood of success on the merits, evidenced by the fact that they have also filed a motion to quash garnishment, set aside default judgment, set aside entry of default, and dismiss the complaint. Defendants argue that Plaintiff's deficient service renders the default judgment against them void. If Defendants' representation that Ms. West was not authorized to receive service of process is accurate, then the Court agrees that Defendants have a substantial likelihood of voiding the default judgment as a matter of law under Fed. R. Civ. P. 60(b). Defendants have demonstrated a strong or substantial likelihood or probability of success on the merits.

Defendants maintain that they will suffer irreparable harm if their temporary restraining order is not granted. According to Defendants, if Plaintiff is permitted to collect the funds awarded him in the default judgment, Defendants will likely never be able to recoup them because "it is unlikely that [Plaintiff] will be able to compensate [Defendants] at a later date." Although alternate remedies for monetary loss exist at law, the loss of funds in this instance may negatively impact Defendants' ability to conduct business. Accordingly, the Court finds that the temporary restraining order is necessary to prevent irreparable harm.

Granting Defendants' motion for a temporary restraining order would prejudice Plaintiff

because, if Plaintiff prevails, he will be delayed in obtaining the amount awarded to him in the Court's default judgment. Such a delay, however, would be slight, and the Court foresees no substantial harm to any third party. Therefore, Defendants satisfy the third prong of the temporary-restraining-order analysis.

Finally, Defendants contend that a temporary restraining order will serve public interests because it will permit Defendants to continue their practice of creating loans for the public. The Court agrees. In addition, the Court finds that the public has a significant interest in assuring that the Federal Rules of Civil Procedure are followed so as to avoid unwarranted default judgments. In this matter, there is a serious question about the propriety of Plaintiff's service of process. Thus, Defendants have established that the issuance of a restraining order would advance the public interest. Accordingly, Defendants' motion for a temporary restraining order is GRANTED.

IT IS HEREBY ORDERED that Plaintiff is hereby restrained and enjoined from taking actions to collect on the default judgment entered in this matter on April 24, 2009, including but not limited to execution of a garnishment issued to Safeco Insurance Company of America on June 23, 2009.

The above temporary restraining order is effective, without bond, due to Defendants' status as a qualified lending institution.

The parties are hereby ORDERED to appear before this Court on AUGUST 25, 2009, at 10:30 a.m. for a hearing on Defendants' motion for a preliminary injunction.

IT IS SO ORDERED.

                            S/Lawrence P. Zatkoff
                            LAWRENCE P. ZATKOFF
                            UNITED STATES DISTRICT JUDGE

Dated: July 31, 2009

## CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 31, 2009.

                            S/Marie E. Verlinde
                            Case Manager
                            (810) 984-3290